# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3278

_____

Daniel Bills,                                       *
                                                    *
               Appellant,                           *
                                                    *
       v.                                           *       Appeal from the United States
                                                    *       District Court for the
United States Steel LLC,                            *       District of Minnesota
a Delaware limited liability company                *
and successor by merger to                          *
USX Corporation,                                    *
                                                    *
               Appellee.                            *

_____

Submitted: May 18, 2001

Filed: October 4, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BYE, Circuit Judges, and GAITAN,[1]
District Judge.

GAITAN, District Judge

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri, sitting by designation.

Appellant, Daniel Bills (hereinafter referenced to as appellant), brought an action in the United States District Court for the District of Minnesota seeking to vacate a portion of an arbitrator's ward denying him back pay for an alleged recurring violation of a collective bargaining agreement by his employer, United States Steel (appellee, and hereinafter referred to as "USS").

The facts may be summarized as follows. Appellant's union, United Steel Workers of America (hereinafter referred to as "USWA") arbitrated appellant's complaint and won in principle. Appellant sought back pay for a recurring violation of the collective bargaining agreement ("CBA") by USS. By the time the grievance reached arbitration, it is alleged that USS had violated the same contractual provisions approximately 900 times. However, appellant filed just one grievance. He alleges that was done on the advice of USWA. Thereafter, the arbitrator awarded appellant back pay for the single violation. Appellant seeks redress by this litigation against USS only. His pleading did not either join USWA or allege that USWA breached its duty of fair representation of appellant's grievance. USS argues that to sue an employer for breach of a labor contract, an employee must both allege and prove that the union breached its duty of fair representation. USS argues that appellant's complaint failed to make this allegation and thus was properly dismissed. Further USS argues appellant was given fair warning of this pleading requirement by both counsel for USS and the District Court. That appellant failed to do so. According to USS, this left the District Court with no choice but to dismiss the complaint. USS asserts that the dismissal was for procedural reasons, and the District Court never reached the merits of the complaint. Therefore, it believes the merits are not reviewable by this Court. USS's motion to strike appellant's briefing and record dealing with the merits are taken with this appeal.

Appellant argues that he has standing to sue USS for breach of the collective bargaining agreement because he is not challenging the merits of the arbitrator's decision. Rather, appellant is challenging whether the arbitrator violated his authority

by going beyond the CBA. Specifically, appellant argues that the arbitrator's award failed ". . . to draw its essence from the collective bargaining agreement." Therefore, appellant need not assert that the USWA breached its duty of fair representation.

Additionally, appellant argues that the District Court erred when it denied him leave to amend his complaint (after dismissal) to allege that the USWA breached its duty of fair representation in failing to appeal the arbitrator's decision.

In response to USS's motion to strike, appellant argues that a decision that he lacks standing to sue is inextricably tied to the underlying facts of the case.

This Court has jurisdiction pursuant to 28 U.S.C. Section 1291.

The law is well settled that appellant's invocation of jurisdiction under 301(a) of the Labor Management Relations Act of 1947 required him to allege and prove that USWA breached its duty of fair representation, Carter v. Ford Motor Co., 121 F.3d 1146; 1149 (8th Cir. 1997). There this Court clearly states appellant's options if he decides to file suit because he does not agree with the results reached by the collective bargaining agreement. The employee must allege and prove the union breached its duty of fair representation. Appellant's reliance on DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 166 (1983) was misplaced, and the District Court's dismissal was proper.

DelCostello v. International Brotherhood of Teamsters, et al. is factually distinguishable. There, the petitioner sued both the employer and the union. The same is true in Vaca v. Sipes, et al., 386 U.S. 171 (1967), also cited by appellant. The extent to which these cases purport to allow an employee a direct suit against the employer omitting either the joining of the union as a party or the allegation that the union breached its duty of fair representation in a suit against the employer is limited. These direct suits are limited to situations where the employer's conduct amounts to a

repudiation of the contractual procedures (outlined in the CBA) and the union fails to exhaust all grievance procedures provided for in the CBA. Such conduct clearly denies employees the benefits of the CBA, and the employer should not be allowed to benefit. In addition, the union acts to prevent the employee from exhausting his rights under the CBA. These actions would leave the employee remediless. Therefore, the employee should be able to sue the employer directly, Vaca v. Sipes at page 184. Such is not the case here.

The USWA fully exhausted appellant's grievance rights under the collective bargaining agreement. The appellant did not like the outcome. Appellant refused to amend his grievance to include the 900 plus times that USS violated his rights under the CBA per the advice of USWA. However, appellant did not argue the union acted unfairly toward him until his theory was rejected by the district court. Where the union does its job in fairly pursuing employee's remedies under the CBA, and the employee disagrees with the decision he has no direct suit against the employer. He is not left remediless. Appellant was required to challenge the outcome of this arbitration by pleading and proving in its suit against USS that the USWA failed in its duty of fair representation.

The District Court's denial of appellant's request to amend his complaint after dismissal is affirmed. We review a decision refusing to amend pursuant to Rule 59 (F.R.C.P.) under an abuse of discretion standard. However, different considerations apply to motions filed after dismissal. Briehl v. General Motors, 172 F.3d 623, 629 (8th Cir. 1999). Here, appellant was warned of the flaw in his pleading by the Court and counsel for USS. Appellant must bear the consequences for failing to act. Dismissal of his complaint was not an abuse of the trial court's discretion.

We affirm the judgment of the District Court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.