# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2918

_____

| | | |
|---|---|---|
| Burma Jean Martin; John Paul Martin; Hazel Victoria Martin, | * * * | |
| Appellants, | * * * | |
| v. | * * | |
| | * * | Appeal from the United States |
| U.S. Trustee; Charles W. Tucker, | * | District Court for the Eastern |
| U.S. Trustee and individually; Richard | * | District of Arkansas. |
| L. Cox; Richard L. Cox, P.A.; James F. | * | |
| Dowden; James F. Dowden, P.A.; | * | [UNPUBLISHED] |
| Eichenbaum, Liles, Heister, P.A.; | * | |
| Michael Knollmeyer; Knollmeyer Law | * | |
| Office; Brian Sanford; Brian Sanford, | * | |
| P.A.; Stephen Niermann; Niermann & | * | |
| Olivo, P.A., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 16 , 2001

Filed:   December 10, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

After receiving unfavorable rulings on several lawsuits and a bankruptcy petition, Burma Jean Martin sued the opposing parties and the bankruptcy trustee claiming, among other things, fraud, breach of fiduciary duty, breach of contract, and negligence. The district court[*] struck the insufficiently pled complaint and ordered Burma Martin to file an amended complaint. Martin added her parents, John Paul Martin and Hazel Victoria Martin, as plaintiffs, and pleaded diversity jurisdiction and federal question jurisdiction based on unspecified federal statutes. The district court dismissed the amended complaint without prejudice for lack of subject matter jurisdiction. The Martins moved for reconsideration under Federal Rule of Civil Procedure 59(e) and for leave to amend the complaint, but the district court denied these motions, finding the outline of the proposed amended complaint failed to state a claim upon which relief could be granted and failed to conform to local rules. The Martins appeal. Although some appellees argue the original dismissal is not before us because it was not listed in the notice of appeal, we disagree. The Rule 59(e) motion relates to the substance of the underlying order so both the underlying order and the motion are reviewable on appeal. Besides, the appellees show no prejudice or reason why this pro se notice should be strictly interpreted. Greer v. St. Louis Reg'l Med. Ctr., 258 F.3d 843, 846 (8th Cir. 2001).

Having reviewed the briefs and the record, we conclude the district court's dismissal was proper. Despite the Martins' contrary contention, the amended complaint fails to present a substantial federal question or establish complete diversity of citizenship necessary to support federal jurisdiction. Trimble v. Asarco, Inc., 232 F.3d 946, 952-53 (8th Cir. 2000) (federal question jurisdiction); see also Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (diversity jurisdiction). Even liberally construed, the Martins' claims fail as a matter of law. We also conclude the district court did not abuse its discretion in denying the

---

[*]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

Martins' motions for reconsideration or leave to amend. Although the Martins' contend they discovered new evidence, the motion to reconsider impermissibly reargues issues raised in the original and amended complaints under different legal theories. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Leave to amend a complaint should be liberally granted pretrial, however, different considerations apply to motions filed after dismissal. Bills v. U.S. Steel, L.L.C., 267 F.3d 785, 788 (8th Cir. 2001). The three complaints presented to the district court are inadequate to give fair notice to the opposing parties of the claims against them. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999). The Martins bear the consequences of their failure to remedy the complaint in response to the court's first order. Bills, 267 F.3d at 788.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.