# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1274

_____

Alfonso A. Waldron, Jr.;                    *
Richard J. Clark; Christopher               *
Carmona; Darrell L. Frey;                   *
Mark A. White,                              *
                                            *    Appeal from the United States
                 Plaintiffs/Appellants,     *    District Court for the
                                            *    Eastern District of Missouri.
          v.                                *
                                            *
The Boeing Company,                         *
                                            *
                 Defendant/Appellee.        *

_____

Submitted: September 13, 2004
Filed: November 2, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Five employees of Boeing brought suit against their employer under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging Boeing breached the terms of a collective bargaining agreement (CBA) between Boeing and the employees' union. The district court[1] granted Boeing's motion for

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

judgment on the pleadings on the grounds that the employees failed to allege in the complaint the union breached its duty of fair representation. We affirm.

We review de novo the district court's entry of judgment on the pleadings. Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001) (citing Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir. 1993)). A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Id. In our evaluation of the motion, we accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant. Franklin High Yield Tax-Free Income Fund v. County of Martin, 152 F.3d 736, 738 (8th Cir. 1998) (citing Lion Oil Co. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996)).

The complaint alleges the following relevant facts: Boeing is in the business of manufacturing aircraft and related products. The employees are mechanic-electrical/electronic (MEE) workers under the terms of a CBA between Boeing and the union. In 1964, Boeing's predecessor-in-interest, McDonnell Douglas Corporation, entered into an agreement with the union which defined the work of MEE employees and established guidelines limiting the circumstances under which that work could be assigned to other classifications of employees. The agreement was reaffirmed by Boeing and the union and remains in effect today. The complaint alleges Boeing violated the terms of the agreement by assigning the work of MEE employees to other classifications of employees under circumstances not permitted by the agreement. The employees also pled that they fully exhausted the grievance procedures under the CBA.

The MEE employees contest the district court's ruling that in order to bring a suit directly against Boeing for breach of the CBA the MEE employees were required to allege in the complaint the union breached its duty of fair representation.

In Smith v. Evening News Ass'n, 371 U.S. 195 (1962), the Supreme Court held an employee may file an individual suit that alleges breach of the CBA against his employer under section 301 of the LMRA. The Supreme Court has also held when the CBA provides exclusive grievance and arbitration procedures an employee is generally required to try to exhaust the contractual grievance or arbitration procedures before filing an individual suit directly against the employer. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965)).[2]

The MEE employees' complaint alleges they have exhausted the CBA procedures. Once an employee has exhausted the contract procedures, the employee generally is bound by the results of that process by the finality provision contained in the CBA. Id. at 164 (citing W.R. Grace & Co. v. Local 759, 461 U.S. 757 (1983); Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562-63 (1976). If an employee does not agree with the results reached through the procedures of the CBA, the employee, in order to bring an individual suit directly against the employer for breach of the CBA, must allege and prove the union breached its duty of fair representation. See Bills v. United States Steel L.L.C., 267 F.3d 785, 787 (8th Cir. 2001) (citing Carter v. Ford Motor Co., 121 F.3d 1146, 1149 (8th Cir. 1997)); Trompeter v. Boise Cascade Corp., 877 F.2d 686, 688 (8th Cir. 1989). This type of "hybrid" action requires the

---

[2]There are exceptions to this general rule. An employee is not limited to the exclusive remedial provisions of the CBA when "the conduct of the employer amounts to a repudiation of those contractual procedures." Vaca v. Sipes, 386 U.S. 171, 185 (1967) (citations omitted). Another exception is where "the union has the sole power under the contract to invoke the higher stages of the grievance procedure" and "the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." Id. The MEE employees do not contend either one of these exceptions applies.

employee to show both the union breached its duty of fair representation and the employer breached the CBA in order to prevail against the employer.  <u>Scott v. United Auto.</u>, 242 F.3d 837, 839 (8th Cir. 2001) (citing <u>Vaca</u>, 386 U.S. at 186-87).

The MEE employees argue the only prerequisite to sue Boeing directly is the exhaustion of the grievance and arbitration procedures in the CBA because the <u>Smith</u> opinion does not state an employee is required to prove a claim of breach of the duty of fair representation against the union.  In <u>Smith</u>, however, "[t]here was no grievance arbitration procedure in the contract which had to be exhausted before recourse could be had to the courts."  <u>Smith</u>, 371 U.S. at 196 n.1.  Thus, the MEE employees' argument ignores both the context in which the <u>Smith</u> opinion was written and the relevant case law governing situations in which the contract procedures have been exhausted.

The judgment of the district court is affirmed.

_____