# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2599

_____

| | | |
|---|---|---|
| Forest Park II, a Minnesota Limited Partnership, | * * * | |
| Appellant, | * * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| Katherine Hadley, in her capacity as Commissioner of the Minnesota Housing Finance Agency; City of Forest Lake, Minnesota; Minnesota Metropolitan Council; Forest Park II Tenants Association; Richard Psyck; Jeremy Cahill; Cassandra Johnson; Tara Wood; Dawn Byland; Nicole Cook; John Hill; Teressa Barnett; Jennifer Rauito; Margie Barnett; Troy Durant; Carolyn Brown; Anthony Wallin; Gwen Beto; Christine Green; Andrew Clover; Diana Dehn; Debra Renollet; Jesse Rose; Nathan Malchow; Loann Matheson; Crystal Olson; Tammy Breidel; Tamara Boyer; Travis Wiosky; Andrew Schneider; Jason Wilkinson; Susan Eidet; Deana Schwefel; Jon Hatanpa; Linnea Cook; Patricia Thompson; Aleeta Gelbmann; Derek Sagerer; Cheryl Mitchell; Alyce Reed; Kimberly Turcotte; Rachael Nelson; | * * * * * * * * * * * * * * * * * * * * * * * * | [PUBLISHED] |

Constance LeTourneau; Teresa
White; Mary Bartel; Lindsay
Stumm; Anthony Minwegen;
Janson Rossell; Orenna Powell;
Antoniett Smith; Nicole Kichler;
Jeaneatte Forga; Paul Henry;
Petranell Berggren; Craig Metcalf;
Tammy Russ; Susan Trudeau;
Joseph Greene; Tammy Sanz;
Nicholas Theis; Megan Theis,

   Appellees,

Family Housing Fund,

  Intervenor Below-Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

---

Submitted: December 13, 2004
Filed: May 24, 2005

---

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

---

HANSEN, Circuit Judge.

In this appeal following our prior remand, Forest Park II challenges the judgment of the district court[1] denying in part its motion for judgment on the pleadings. Specifically, Forest Park II complains that the district court erred in denying its motion for an injunction, dismissing its 42 U.S.C. § 1983 civil rights

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

claim, and concluding that Forest Park II was not a prevailing party for purposes of awarding attorneys' fees pursuant to 42 U.S.C. § 1988.  We affirm.

I.

Although Forest Park II filed a motion for judgment on the pleadings, we review this case under the summary judgment standard because the district court considered matters that were not included in the pleadings; therefore, we view the facts in the light most favorable to the defendants, the nonmoving parties.  Kerr v. Fed. Emergency Mgmt. Agency, 113 F.3d 884, 885 (8th Cir. 1997); see Fed. R. Civ. P. 12(c) (2005).  Forest Park II owns a 60-unit apartment building in Forest Lake, Minnesota, which it constructed in 1973 using a mortgage loan obtained under Section 236 of the National Housing Act, 12 U.S.C. § 1715z-1.  This loan program provided federally insured and subsidized mortgage interest payments from the United States Department of Housing and Urban Development ("HUD") in return for Forest Park II's obligation to rent the apartments to low-income tenants at below-market rates for 20 years.  After fulfilling the 20-year commitment to provide low-income housing, Forest Park II sought to prepay its mortgage and withdraw from the federal program by providing notice of this intent as required by federal law.  In October 2001, Forest Park II provided the tenants with seven months' notice of its intent to prepay the federal loan.  In a November 2001 letter, HUD confirmed that Forest Park II had fulfilled the federal tenant notification requirements and could proceed with prepayment of the loan in accordance with the terms of the note and the mortgage.

On November 30, 2001, Robert L. Odman, Assistant Commissioner of the Minnesota Housing Finance Agency ("MHFA"), sent Forest Park II a letter notifying it that to comply with Minnesota law, Forest Park II must provide the residents with at least one year of notice.  The letter stated that the MHFA was "willing to explore with you potential preservation options" for the apartments and closed with an

invitation to call if there were any questions regarding the letter. (Appellant's Add. at AD-17.)

In January 2002, some tenants formed the Forest Park II Tenants Association ("Tenants Association"). They informed Forest Park II that Minnesota law entitled them to one full year's notice before Forest Park II could terminate the low-rent use restrictions. The tenants demanded that Forest Park II provide the one year's notice and threatened to sue for an injunction, citing a Minnesota state district court decision from Moorehead, Minnesota, imposing an injunction in a similar but unrelated case that required the property owner to continue renting at low rates until it provided the one year's notice under Minnesota law. See Freedom Res. Ctr. for Indep. Living, Inc. v. S. Park Apartments, LLP, C2-01-2165 (Minn. 7th Jud. Dist. Feb. 8, 2002).

Forest Park II then commenced this declaratory judgment action, seeking a declaration that the Minnesota notice provision is preempted by federal law and violates the Contracts Clause of the federal Constitution. Forest Park II named as defendants the Tenants Association, a number of individual tenants, the Commissioner of the MHFA, the Minnesota Metropolitan Council ("Met Council"), and the City of Forest Lake, Minnesota. The Tenants Association filed a motion for a preliminary injunction, permanent injunction, and summary judgment, seeking to require Forest Park II to comply with the Minnesota statutes. The Met Council joined the Tenants Association's motion, and the MHFA filed a memorandum in support of the public interest in the Minnesota statutes and supporting the Tenants Association's arguments against preemption.

The district court granted the Tenants Association's motion for summary judgment and issued a permanent injunction barring Forest Park II from prepaying the federal mortgage until it fully complied with the Minnesota notice statutes. See Forest Park II v. Hadley, 203 F. Supp. 2d 1071, 1077-78 (D. Minn. 2002), rev'd, 336 F.3d 724 (8th Cir. 2003). The district court found that the state statutes were not

preempted, that the defendants were therefore entitled to judgment on the § 1983 claim, and that Forest Park II had abandoned its Contract Clause claim. Id. at 1077. On appeal we reversed that order, concluding that federal law preempts the Minnesota statutes at issue, and we vacated the permanent injunction. See Forest Park II v. Hadley, 336 F.3d 724, 734 (8th Cir. 2003).

On remand, Forest Park II filed a postappeal motion for judgment on the pleadings, which the district court granted in part and denied in part. The district court granted Forest Park II declaratory judgment on Claim I of the complaint, concluding that § 236 of the National Housing Act preempts the application of Minnesota Statutes §§ 471.9997 and 504B.255 to § 236 HUD-insured mortgages, as decided by this court in the first appeal. See Forest Park II, 336 F.3d at 732-34. The district court denied injunctive relief as requested in Claim II as moot, because Forest Park II had already prepaid its federal mortgage and there remained no possibility that the defendants could interfere with Forest Park II's ability to prepay. On Claim III, the district court dismissed the abandoned Contract Clause claim without prejudice. Finally, the district court dismissed the § 1983 claim articulated in Claim IV, concluding that, assuming the right to prepay the federal mortgage was a protected right for § 1983 purposes, the state and local governmental defendants took no action in violation of that right that caused injury to Forest Park II. The district court also concluded that Forest Park II was not entitled to prevailing party status or attorneys' fees under § 1988.

Forest Park II appeals that portion of the district court's order dismissing the § 1983 claim, declining to award attorney's fees, and refusing to issue a permanent injunction. The Tenants Association, the individually named tenants, and the Family Housing Fund are not participating in this appeal because the issues raised concern only the state and local governmental defendants.

II.

"We review de novo the district court's entry of judgment on the pleadings." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004). As noted above, "[b]ecause the district court considered matters beyond the pleadings, we review the case under the summary judgment standard." Kerr, 113 F.3d at 885. Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Forest Park II argues that this court's prior ruling mandated the entry of judgment in its favor on all claims of its original complaint. We disagree. In our prior opinion, we reviewed the propriety of the district court's grant of the Tenants Association's summary judgment motion and a permanent injunction that prohibited Forest Park II from prepaying its federal mortgage until it fully complied with the state statutes. We reversed, holding that the federal law preempts the state statutes. Forest Park II, 336 F.3d at 734. We vacated the permanent injunction and remanded "with directions for the district court to enter judgment in favor of Appellant Forest Park." Id. While this instruction is facially broad, it is necessarily limited by the context of the claims and issues decided in that appeal.

On remand, following our instructions, the district court entered a declaratory judgment in favor of Forest Park II on the only claim that was fully addressed in the prior appeal–the request for a declaratory judgment on preemption grounds as articulated in Claim I of the complaint. The district court then considered the elements of Forest Park II's § 1983 claim and concluded that there was no state action

-6-

that caused injury to justify relief on that claim. The judgment on Claim I, declaring that the state statutes are preempted by federal law, is not itself a legally sufficient basis on which to render a judgment in the § 1983 context of Claim IV. To enter judgment on a § 1983 claim, the plaintiff must demonstrate that a state actor took action that violated the plaintiff's rights under federal law or the Constitution. 42 U.S.C. § 1983 (2000).

Section 1983 "does not provide an avenue for relief every time a state actor violates a federal law." City of Rancho Palos Verdes, Calif. v. Abrams, 125 S. Ct. 1453, 1458 (2005). "Accordingly, to sustain a § 1983 action, the plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs." Id. In this case, we need not consider whether federal law creates an individually enforceable federal right to prepay the federal mortgage because, for the reasons discussed below, we agree with the district court that, even assuming the violation of a protected federal right, there is no showing that the state and local governmental actors named took any action that could be considered a violation of Forest Park II's right to prepay its federal mortgage. Thus, the § 1983 claim fails.

The facts alleged in the complaint state that several tenants demanded their right to notice pursuant to the Minnesota statutes and that "[t]hese individuals threatened that if Forest Park II did not comply with their demands, they would sue Forest Park II and seek an injunction." (Appellant's App. at AA-59.) The complaint further alleges that the Tenants Association sent Forest Park II a letter reiterating its demand for compliance with the state statutes and citing an unrelated Minnesota state court decision where the state court judge had issued an injunction to enforce the Minnesota statutes. The complaint includes no allegation of any action by the state and local governmental bodies and mentions the MHFA, the Met Council, and the City of Forest Lake solely as notice recipients with regard to the tenants' demand for compliance with the state notice provisions.

Relying on evidence beyond the complaint, Forest Park II asserts that the MHFA sent it a letter threatening enforcement of the state statutes. After reviewing the letter, however, we find no threat of enforcement action contained therein. The letter informs Forest Park II of what is required to be in compliance with Minnesota law. Rather than threatening enforcement, the letter states that the MHFA is "willing to explore with you potential preservation options for Forest Park II Apartments," and it closed with an invitation to call with any questions regarding the letter. (Appellant's Add. at AD-17.) Nothing in the language of this letter either threatened an enforcement action or otherwise prevented Forest Park II from prepaying its federal loan pursuant to federal law.[2]

Forest Park II also argues that the MHFA took state action by joining the Tenants Association's motion for an injunction to require compliance with the state laws. This allegation is not substantiated by the record. The MHFA made legal arguments against a finding of preemption and in favor of the public interest in the

---

[2]Forest Park II also asserts that this letter amounted to an implicit threat because its manager had received an enforcement-threatening letter two years earlier in the context of a different apartment complex and a Section 8 Housing Assistance Payments Contract. That letter stated that the MHFA was "constrained to vigorously enforce" the state notice provisions for the benefit of low income tenants and that the agency would "employ the courts to compel compliance by HUD with the terms of the Contract," if necessary. (Appellant's Add. at AD-15-16.) We conclude that the prior threat of a court action against HUD in the context of a Section 8 housing contract and a different property does not justify a preenforcement suit by Forest Park II in this Section 236 loan prepayment context, where no threat of enforcement action was made and no First Amendment or other constitutional rights are at issue. See Virginia v. Am. Booksellers Ass'n, 484 U.S. 383, 392-93 (1988) (holding that to bring a § 1983 cause of action, there must be some "threatened or actual injury resulting from the putatively illegal action" and that a preenforcement suit is justified where there exists a well-founded fear of enforcement that would infringe upon the exercise of First Amendment rights).

Minnesota statutes but stopped short of asking the court for an injunction. We conclude that the MHFA's act of stating a position on the legality of the state statutes in defense against Forest Park II's lawsuit and explicitly joining only the Tenants Association's argument against preemption while not joining in the motion for an injunction, cannot be construed as state action that violated Forest Park II's federal right to prepay its loan. The district court correctly dismissed the § 1983 claim against the MHFA.

As to the Met Council, Forest Park II argues that its act of joining the Tenants Association's motion for a permanent injunction caused it injury because the district court granted the injunction, precluding Forest Park II for a time from exercising its right to prepay the federal mortgage. The record supports the allegation that the Met Council joined in the tenants' request for an injunction, but "[i]n order to establish a violation of constitutional [or federal statutory] rights under § 1983, the plaintiff must prove that the defendant's unconstitutional [or unlawful] action was the 'cause in fact' of the plaintiff's injury." Butler v. Dowd, 979 F.2d 661, 669 (8th Cir. 1992), cert. denied, 508 U.S. 930 (1993). "Conduct is the cause in fact of a particular result if the result would not have occurred but for the conduct. Similarly, if the result would have occurred without the conduct complained of, such conduct cannot be a cause in fact of that particular result." Id.

In this case, although the Met Council joined in the tenants' request for an injunction, the tenants were the proponents of the motion. The tenants sought to enforce their rights under state law, and the Met Council had no influence on the merits of that request. The Met Council joined the request without making arguments or raising any issues of its own. The district court's decision would have been no different if the Met Council had not joined in the request for an injunction. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation" and "the entity's policy or custom must have played a part in the

violation of federal law") (internal quotations omitted). Accordingly, we agree with the district court that the Met Council took no action that caused injury to Forest Park II's federal rights.

As to the City of Forest Lake, Forest Park II does not allege that the City took any action that caused it injury. In fact, Forest Park II argues in its reply brief that the MHFA and the Met Council should have followed the City's passive response of taking no position in this matter. (Reply Br. at 17.) We conclude that the district court properly dismissed the § 1983 claim against the City.

Section 1988 authorizes an award of attorney's fees to a prevailing party in any action or proceeding to enforce § 1983, among other provisions. 42 U.S.C. § 1988(b) (2000). To be a prevailing party, the plaintiffs must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (internal quotations omitted). Absent any success on its § 1983 claim, Forest Park II's claim for attorney's fees as a prevailing party must fail. See Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n, 515 U.S. 582, 592 (1995) ("It follows that when no relief can be awarded pursuant to § 1983, no attorney's fees can be awarded under § 1988.").

Forest Park II did succeed in obtaining a reversal of the district court's injunction that enforced the state law, making Forest Park II a prevailing party on the declaratory judgment claim of Claim I, but there is no authorization for a grant of attorney's fees to a prevailing party in the Declaratory Judgment Act. Even if the declaratory judgment in Claim I were considered a partial success on the § 1983 claim, Forest Park II would not be entitled to attorney's fees. The entry of a declaratory judgment in a party's favor does not automatically confer prevailing party status under § 1988–the judgment must affect the behavior of the defendant toward the plaintiff to constitute relief. Farrar v. Hobby, 506 U.S. at 110; Sierra Club v. City of Little Rock, 351 F.3d 840, 845 (8th Cir. 2003). Because the state and local

governmental defendants had taken no action to prevent Forest Park II from prepaying its federal mortgage in the first instance, the judgment did not alter the behavior of the state and local governmental defendants toward Forest Park II.

To the extent it can be said that the Met Council took enforcement action by joining in the motion for an injunction (which prevented prepayment for a period of time until we reversed the district court's grant of the injunction), we nevertheless conclude that Forest Park II is not entitled to prevailing party status against the Met Council. As noted earlier, the Met Council's joinder made no difference in the district court's analysis. The tenants would have prevailed initially regardless of the joinder, and the Met Council took no other enforcement action against Forest Park II that the declaratory judgment could have altered. The complaint does not state any action taken by the Met Council that violated Forest Park II's right to prepay its federal mortgage. Thus, while Forest Park II succeeded in removing the injunction that the Met Council had technically joined, Forest Park II's victory in removing the injunction in reality accomplished no alteration in its legal relationship with the Met Council. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) (stating that the Court's precedents "counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties") (emphasis in original). Thus, even if the declaratory judgment on the preemption claim can be considered a partial victory on the § 1983 claim, absent an alteration in the legal relationship of the parties, no attorney's fees are warranted.

Finally, we find no abuse of discretion in the district court's denial of a permanent injunction to restrain the defendants from further interference with Forest Park II's right to prepay the federal mortgage. See Heartland Acad. Cmty. Church v. Waddle, 335 F.3d 684, 689-90 (8th Cir. 2003) (reviewing the ultimate decision to grant or deny a permanent injunction for an abuse of discretion, while reviewing factual findings for clear error and legal conclusions de novo). By the time the

district court addressed this request for an injunction, Forest Park II had already prepaid its Section 236 mortgage. Consequently, no controversy remained between Forest Park II and the defendants concerning Forest Park II's ability to prepay its federal mortgage; prepayment was complete. The district court properly denied Forest Park II's request for injunctive relief as moot. See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (noting mootness occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal quotations omitted).

Accordingly, we affirm the judgment of the district court.

_____