# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31125

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2016

Lyle W. Cayce
Clerk

ELVIN CUMMINGS,

　　　　Plaintiff - Appellee

v.

FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5301

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

　　　The issue before the court is whether Plaintiff and Appellee, Elvin Cummings, is entitled to recover damages pursuant to his National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP"). The district court entered a judgment in favor of Cummings. For the following reasons, we **REVERSE**.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31125

## BACKGROUND

In August 2012, Hurricane Isaac caused damage to Cummings's home in LaPlace, Louisiana. Thereafter, Cummings submitted a flood loss claim to the Defendant-Appellant, Fidelity National Indemnity Insurance Company ("Fidelity"), who assigned an independent adjuster, Chris Beauvais, to inspect the flood damage.

Cummings's SFIP required him to submit a proof of loss. On March 6, 2013, with the assistance of Beauvais, Cummings signed a proof of loss in the amount of $42,140.21. That figure was based upon the recommended payment suggested by Beauvais as part of his inspection. On March 11, 2013, Fidelity paid Cummings pursuant to Coverage A of his policy for building damage in the amount of $42,140.21—the exact amount he requested on his proof of loss.

Along with the March 6, 2013 proof of loss, Cummings also submitted a four-page list to Fidelity detailing the contents that he claims were damaged in the flood and claiming a total replacement cost of $104,390.00. Cummings, however, never submitted a proof of loss for the claimed damage to the contents of his home and he did not include the amount of $104,390.00 on the front page of his proof of loss. Fidelity denied Cummings's claim for content loss and has not made any payments to Cummings under Coverage B. The letter partially denying Cummings's claim states that Fidelity required "additional proof (i.e. photos or receipts) which [would] assist in proof of damage and ownership of the contents being claimed." The letter did not tell Cummings to submit an additional signed and sworn proof of loss, but directs him to review his Standard Flood Insurance Policy Dwelling Form and the Insuring Agreement of his policy.

Cummings filed suit for the contents he claimed were damaged in the flood. After a bench trial, the district court awarded Cummings $25,000.00 plus interest for contents loss. The district court determined that Cummings had

No. 14-31125

submitted sufficient proof regarding his loss in the form of photographs, testimony, and a written statement. Thereafter, Fidelity appealed the district court's judgment.

## STANDARD OF REVIEW

The NFIP is controlled by federal regulations. *See* 44 C.F.R. § 61.4. This court's review of a district court's interpretation of a statute or regulation is *de novo. Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 393 (5th Cir. 2009) (citing *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)).

## ANALYSIS

Federal law governs claims under the NFIP and the program is administered by the Federal Emergency Management Agency ("FEMA"). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) (citing 44 C.F.R. §§ 61.4(b), 61.13(d)). The federal treasury ultimately makes payments on SFIP claims. *Id.* (citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)). The SFIP requires the insured to notify the insurer of the loss and submit a complete signed and sworn proof of loss setting out the nature, cause, and value of the loss. *Gowland*, 143 F.3d at 954. Specifically, the SFIP's proof of loss requirement states:

> In case of a flood loss to insured property, you [insured] must: [. . .]
> 4. Within 60 days after the loss, *send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you*, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the terms of the policy;

3

No. 14-31125

f. Specifications of damaged buildings and detailed repair estimates;

g. Names of mortgages or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of loss and for what purpose; and

i. The inventory of damaged personal property described in J.3 above.

44 C.F.R. § 61, app. A(1), art. VII(J)(4) (emphasis added). Moreover, the SFIP states, "You may not sue us to recover money under this policy unless you have complied with *all* the requirements of the policy." 44 C.F.R. § 61, app. A(1), art. VII(R) (emphasis added).

The issue before the court is whether Cummings's failure to submit a signed and sworn proof of loss for damages to the contents of his home prevents him from recovering an additional amount. This court recently noted in *Ferraro v. Liberty Mutual Fire Insurance Company*, that"[w]hether an insured must submit an additional proof of loss to recover an additional amount on a preexisting claim is a question of first impression in this circuit." 796 F.3d 529, 532 (5th Cir. 2015) (citing *Rogers v. S. Fid. Ins. Co.*, No. 13–5695, 2014 WL 3587379, at *4 (E.D. La. July 18, 2014) ("As this Court has previously pointed out, the Fifth Circuit has not directly addressed this issue.")). In *Ferraro*, the insured parties signed a proof of loss and handwrote on their form that they would send a supplement at a later date. 796 F. 3d at 530. They then hired a public adjuster who issued a report valuing their loss at over three times the amount included in their initial proof of loss. *Id.* They submitted the report to their insurance carrier, but they failed to submit a second signed and sworn proof of loss. *Id.* The court determined that the insureds were required to submit an additional proof of loss to recover an additional amount on a preexisting claim under a SFIP. *Id.* at 532. The court concluded that "[a]n insured's failure to strictly comply with the SFIP's provisions—including the

No. 14-31125

proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim." *Id.* Therefore, because the insured's additional claim was neither signed nor sworn-to, it could not serve as a proof of loss under the plain terms of the SFIP. *Id.*[1]

The Fifth Circuit stated in a similar case that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy." *Gowland*, 143 F.3d at 954. The court stated:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

*Id.* at 954.

The court is sympathetic to Cummings's plight. Nevertheless, "a policy of 'insurance issued pursuant to a federal program must be strictly construed and enforced. . . .'" *Monistere*, 559 F.3d at 394 (citing *Gowland*, 143 F.3d at 954). "Because insurance companies act as 'fiscal agents' of the government under the National Flood Insurance Program, all policy awards deplete federally allocated funds." *Id.* (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)). Accordingly, "'not even the temptations of a hard case' will provide

---

[1] The court agreed with the approach taken by both the First and Eighth Circuit Court of Appeals. The First Circuit Court of Appeals rejected the argument that simply providing an insurance company with notice of a claim satisfies the condition precedent to suit. *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 85 (1st Cir. 2013) (citing *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 520–21 (6th Cir. 2008); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 734–35 (8th Cir. 2001)). Likewise, the Eighth Circuit Court of Appeals determined that a second proof of loss is required in scenarios akin to this case. *See Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013) (insured parties failed to file a supplemental proof of loss and thus did not satisfy the prerequisites for suing on their additional claim because of the language of the SFIP).

a basis for ordering recovery contrary to the terms of a regulation, for to do so would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" *Id.* (quoting *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)). *See generally Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency*, 72 F. App'x 92, 97 (5th Cir. 2003) (citing *Kerr v. FEMA*, 113 F.3d 884 (8th Cir. 1997) (finding that completion of the proof of loss is the insured's own responsibility and "any reliance on statements made by the adjuster that contradicted the terms of the SFIP was unreasonable as a matter of law; the insured had a duty to read the policy and acted unreasonably in relying on adjusters provided only as a 'courtesy'"); *see also Gowland*, 143 F.3d at 955 (quoting *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3-4, 92 L.Ed. 10 (1947) ("Requiring [insured parties] to turn square corners when dealing with the Treasury 'does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'").

Accordingly, since Cummings failed to submit a signed proof of loss for damages sustained to the contents of his home, it was improper for the district court to award him damages. Therefore, the court also finds that the district court's award of pre-judgment interest was also in error.

## CONCLUSION

For the above described reasons, we **REVERSE**.