# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3258

_____

Linda Ash; Abbie Jewsome

*Plaintiffs - Appellants*

v.

Anderson Merchandisers, LLC; West AM, LLC; AnConnect, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 16, 2015
Filed: August 21, 2015

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Linda Ash and Abbie Jewsome appeal the dismissal of their complaint alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the denial of their post-dismissal motion to vacate the district court's[1] order pursuant to

_____

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Federal Rules of Civil Procedure 60(b) and 59(e) and request for leave to file an amended complaint. Having jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I. Background

Ash and Jewsome filed suit against Anderson Merchandisers, West AM, and AnConnect under the FLSA on April 21, 2014, on behalf of themselves and similarly-situated persons. The original complaint alleged that Anderson, West, and AnConnect, the plaintiffs' employer, had violated the FLSA by failing to pay required overtime compensation. The defendants filed a motion to dismiss on May 23, 2014, and the district court granted the motion without a hearing on July 2, 2014. Judgment was entered on behalf of Anderson, West AM, and AnConnect on July 9, 2014.

On July 11, Ash and Jewsome moved to vacate the district court's order pursuant to Federal Rules of Civil Procedure 60(b) and 59(e) and requested leave to file their First Amended Complaint. The district court denied Ash and Jewsome's motion to vacate and request to file an amended complaint on September 11, 2014. Ash and Jewsome timely appealed the district court's dismissal of their complaint and denial of their motion to vacate and request for leave to amend.

## II. Discussion

### A.    Motion to Dismiss

The district court dismissed Ash and Jewsome's complaint for failure to state a claim for two reasons: failure to allege that Anderson, West, and AnConnect were their employer for purposes of the FLSA, and failure to allege a substantive FLSA cause of action. Ash and Jewsome assert on appeal that their complaint was sufficient to state a claim for relief, and that the district court erred in determining otherwise.

"We review the dismissal of a complaint for failure to state a claim *de novo*, affirming dismissal if the complaint fails to state a claim upon which relief can be granted." Horras v. Am. Capital Strategies, Ltd., 729 F.3d 798, 801 (8th Cir. 2013) (quotation, alteration, and internal citation omitted). For a pleading to state a claim for relief it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Id. (citing Fed. R. Civ. P. 8(a)(2)). The complaint must contain facts sufficient to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

In their complaint, Ash and Jewsome made only one allegation with regard to the defendants' status as their employer: "During all relevant times, [Anderson, West, and AnConnect] were part of an integrated enterprise and, as such, were plaintiffs' employer. During all relevant times, and upon information and belief, all of these defendants shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control." Ash and Jewsome provided no additional facts to support these assertions. Their only allegation is simply a restatement of the legal test used to determine whether certain entities constitute a joint employer for the purpose of civil rights litigation. See Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir. 1977). However, "the test of employment under the FLSA is one of 'economic reality.'" Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 301 (1985) (quoting Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961)). Ash and Jewsome's complaint does not include any facts describing the "economic reality" of their employment, such as their alleged employers' right to control the nature and quality of their work, the

-3-

employers' right to hire or fire, or the source of compensation for their work. See Goldberg, 366 U.S. at 32–33. Effectively, the only allegation as to who Ash and Jewsome's employer was is the conclusory statement that Anderson, West, and AnConnect were "part of an integrated enterprise."

This conclusory allegation is insufficient to satisfy the pleading requirements of Rule 12(b)(6). Ash and Jewsome failed to set forth any facts to support the legal conclusion that Anderson, West, and AnConnect were their employer, instead providing only "labels and conclusions" and "a formulaic recitation of the elements" of their claim. Horras, 729 F.3d at 801 (quoting Iqbal, 566 U.S. at 678). Ash and Jewsome could have alleged—and in their first amended complaint, did allege—such facts as the name on their business cards, the identity of their supervisors, the source of their work schedules, and the information they were given when they were hired. It is this type of factual allegation that could "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 566 U.S. at 678). However, without this type of factual allegation, the complaint is insufficient for failure to state a necessary element of the claim.

It is important to note that Ash and Jewsome were not required to determine conclusively which of the three defendant companies was their employer at the pleadings stage or describe in detail the employer's corporate structure, which they contend was not within their ability to know so early in the litigation. The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants. The pleading standard therefore requires only that the plaintiff allege facts sufficient to state a plausible claim. Here, however, Ash and Jewsome did not allege any facts at all that would allow an inference that the defendants were their employer. Without any facts to support their allegation, the complaint contained only the recitation of a legal conclusion, and a mere legal conclusion is not enough to allege an employee-

-4-

employer relationship as required for an FLSA claim. Because Ash and Jewsome did not adequately allege that Anderson, West, and AnConnect were their employer, as required to state a claim under the FLSA, the district court did not err in dismissing their complaint for failure to state a claim.

The district court also concluded that Ash and Jewsome failed to allege sufficient facts to support a substantive cause of action for overtime violations under the FLSA. Ash and Jewsome assert that in reaching that conclusion, the district court erroneously applied a heightened pleading standard. The proper pleading standard for FLSA claims is a matter of first impression in this circuit following Iqbal and Twombly, and those circuits to have considered the question have arrived at somewhat variable conclusions. Compare Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (requiring a plaintiff to allege 40 hours of work in a given workweek as well as some uncompensated time in excess of that 40 hours); and Davis v. Abington Mem. Hosp., 765 F.3d 236, 242–43 (3d Cir. 2014) (adopting Lundy test); and Landers v. Quality Communications, Inc., 771 F.3d 638, 644–45 (9th Cir. 2014) (same); with Pruell v. Caritas Christi, 678 F.3d 10, 13–16 (1st Cir. 2012) (requiring examples of unpaid time or a description of the nature of the work performed). However, having concluded that Ash and Jewsome's complaint was insufficient because it did not adequately allege that the defendant companies were their employer, we need not reach the question of whether the district court correctly applied the proper pleading standard for the substantive FLSA claim.

B.     Motion to Vacate and Request for Leave to File Amended Complaint

Ash and Jewsome argue that the district court's denial of their motion to vacate and request for leave to file an amended complaint was an abuse of discretion. The stated basis for the motion to vacate is the filing of an amended complaint, therefore we must only decide whether the district court erred in denying leave to amend.

We "review the district court's denial of [a plaintiff's] motion for leave to amend for an abuse of discretion." Horras, 729 F.3d at 804 (quoting Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 602 (8th Cir. 2011)). "Although a district court 'may not ignore the [Federal Rule of Civil Procedure] 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits,' it has 'considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored.'" Id. (alteration in original) (quoting United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 824 (8th Cir. 2009)). "Unexcused delay is sufficient to justify the court's denial . . . if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." Id. (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

Ash and Jewsome argue that the district court's denial of their request for leave to amend was an abuse of discretion because that denial prevented their claim from being tested on its merits.[2] Resolution of claims on their merits is favored under Federal Rule of Civil Procedure 15(a)(2), and "decisions on the merits [should not] be avoided on the basis of . . . mere technicalities." Foman v. Davis, 371 U.S. 178, 181 (1962). However, that consideration is not the sole factor when determining whether a plaintiff should be granted leave to amend a complaint post-judgment. A district court may appropriately deny leave to amend "where there are compelling

_____

[2]Ash and Jewsome also argue that the district court abused its discretion in failing to grant them leave to amend to meet what they consider to be a newly-heightened pleading standard for FLSA overtime claims. However, because Ash and Jewsome did not sufficiently plead the employer element of their FLSA claim, we do not reach the question of what substantive pleading standard applies, or address the purportedly heightened standard applied by the district court. This component of Ash and Jewsome's argument is therefore unavailing.

-6-

reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," even when doing so will necessarily prevent resolution on the merits. Horras, 729 F.3d at 804 (quoting Moses.com, 406 F.3d at 1065) (internal quotations omitted). In this case, the district court concluded that Ash and Jewsome had inexcusably delayed in properly requesting leave to amend and denied the request.

There can be little doubt that it would have been within the district court's discretion to grant Ash and Jewsome's request for leave to amend, just as it was within the court's discretion to deny that request. However, simply because Ash and Jewsome could have benefited from a favorable exercise of the court's discretion does not mean that they were *entitled* to that exercise of discretion. Ash and Jewsome are right when they say that defending a Rule 12(b)(6) motion (presumably instead of requesting leave to amend) is not a "per se" ground for dismissing a case, and that this court's precedent "does not stand for the denial of all post-judgment motions for leave to amend." But Rule 15 does not provide for a post-judgment amendment as a matter of right. While plaintiffs "remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] . . . district courts in this circuit [also] have considerable discretion to deny" such requests. United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742–743 (8th Cir. 2014) (first alteration in original).

On appeal, Ash and Jewsome appear to conflate their right to *request* post-judgment leave to amend with their right to *receive* leave to amend. Fundamentally, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman, 371 U.S. at 181. Here, the district court exercised its discretion and concluded that Ash and Jewsome should not be granted leave to amend, and Ash and Jewsome have failed to establish that the court's decision constituted an abuse of discretion. Ash and Jewsome essentially argue that because it is preferable that

claims brought in federal court be tested on their merits, the district court's denial of post-judgment leave to amend—which did prevent their claim from proceeding on the merits—was almost by definition an abuse of discretion. But in making this argument, Ash and Jewsome fail to address the factual basis of the district court's decision. Ash and Jewsome did not seek leave to amend their complaint until nine days after the district court granted the motion to dismiss and two days after judgment was entered. The defendants' motion to dismiss, filed 47 days before the district court dismissed the case, put Ash and Jewsome on notice of the possible deficiencies in their original complaint. They had the opportunity to request leave to amend at any time before the district court ruled on the motion to dismiss. See Fed. R. Civ. P. 15(a)(2). Instead, they chose to rest on their original complaint,[3] and did not seek leave to amend until that complaint was found to be deficient. Asserting simply that their claim should be tested on the merits, Ash and Jewsome offer nothing to explain why their litigation decisions did not amount to undue delay, or why the resulting delay was otherwise excusable. We recognize the preference for claims to be tested on the merits, but under the circumstances presented in this case, we cannot say that the district court abused its discretion in finding that Ash and Jewsome inexcusably delayed in requesting leave to amend and denying their request.

---

[3]The court is unpersuaded by Ash and Jewsome's argument that it is somehow "self-defeating" to favor seeking leave to correct deficiencies in a complaint while simultaneously defending against a motion to dismiss that complaint. Ash and Jewsome cite no authority for the proposition that a plaintiff should be permitted to defend against a motion to dismiss and then amend their complaint as a matter of course if the motion is resolved against them. It is well-established that pre-judgment requests for leave to amend are preferred, see Horras, 729 F.3d at 804, and that the decision whether to request leave to amend or stand on the complaint is an ordinary tactical decision that is commonly required of litigants. Such decisions are not always easy to make, but we see no reason to conclude that this relatively common circumstance is somehow fundamentally unfair to plaintiffs.

### III. Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Ash and Jewsome's complaint, and affirm the denial of Ash and Jewsome's motion to vacate and request to file an amended complaint.

_____