# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3686

_____

Alma Rosa Infante

*Plaintiff - Appellant*

v.

City of Hastings, Nebraska; Adams County, Nebraska; State of Nebraska; John and Jane Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: September 16, 2016
Filed: September 21, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Alma Infante appeals after the district court[1] dismissed her amended 42 U.S.C. § 1983 complaint, denied her post-judgment motion for leave to file a second

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

amended complaint, and denied her post-judgment motion for an extension of time to appeal. Also pending are motions filed by the parties in this court.

As an initial matter, we conclude that Infante's notice of appeal was timely as to the district court's post-judgment orders, but not as to the court's September 3, 2015 dismissal order and judgment. *See* Fed. R. App. P. 4(a)(1)(A) (providing thirty days to appeal in a civil case); *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) (explaining that timely notice of appeal is mandatory and jurisdictional). We further conclude that the district court did not abuse its discretion in denying Infante's motion for leave to file a second amended complaint. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009) (explaining that district courts have considerable discretion to deny post-judgment motions for leave to amend because such motions are disfavored). The district court did not abuse its discretion in denying Infante's motion for an extension of time to appeal. *See* Fed. R. App. P. 4(a)(5)(A) (allowing a district court to extend time to file notice of appeal upon showing of excusable neglect or good cause if a party so moves no later than thirty days after the time prescribed in Rule 4(a) expires); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (establishing that inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute excusable neglect); *Gibbons v. United States*, 317 F.3d 852, 853 n.3 (8th Cir. 2003) (explaining that the good-cause standard applies to situations involving occurrences not within the movant's control).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We also deny all pending motions as moot.

_____