# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2922
_____

Colleen M. Johnson

*Plaintiff - Appellant*

v.

Midwest Division - RBH, LLC, doing business as Belton Regional Medical
Center; Patrick Avila; Nicole Pasley

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 21, 2023
Filed: December 11, 2023
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

After nine months on medical leave, Colleen M. Johnson told Midwest Division-RBH, LLC—doing business as "Belton Regional"—that she could not give a date when she would return to work.  The next day, Belton Regional fired

her. She sued in state court. After the case was removed, the district court[1] dismissed the common law claims and later granted summary judgment on her claims under the Missouri Human Rights Act ("MHRA"). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Johnson suffers from heart-related issues, necessitating a cardiologist's care for more than a decade. Belton Regional knew of her condition when hiring her, at age 61, to lead its Oncology Department in January 2017. Three months later, Patrick Avila became Chief Operating Officer, and thus Johnson's direct supervisor. Within a year and a half, he presented her with a "coaching document."

A year later, Johnson notified Belton Regional's leadership and human resource officers that Avila created a toxic environment, specifically by bullying employees. Two months later, he gave her a disciplinary warning. They discussed the expectation that she would not foster a "we/they environment" between staff and administration. Avila also issued her a Disciplinary/Corrective Action Form and a Performance Improvement Plan about staff communication and managing labor.

Four days later, Avila gave Johnson a final disciplinary warning, citing her effort to "effectively shut down any attempts at the communication process" during their disciplinary meeting. This final warning stated that her acts ran "counter to the Behavioral Standards set by Belton Regional" and she was expected to listen to feedback and be more receptive to coaching. Further: "Failure to adhere to these requirements will result in termination."

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Within five days, Johnson requested short-term disability leave. Belton Regional approved it. Three weeks later, she called Belton Regional's ethics hotline. She did not refer to any discrimination, though she did tell the investigator that Avila had engaged in bullying.

While on leave, Johnson wrote the investigator identifying others who had voiced concerns about Avila's workplace behavior. The coworkers were of various ages, with unknown disability statuses. According to her written statement, she was subject to a hostile work environment based on Avila's workplace conduct (she did not reference anything about age or disability).

While Johnson was on leave, Nicole Pasley began performing Johnson's job. Shortly after Pasley began, Avila asked Human Resources when Johnson would return to work. When Avila learned Johnson would not be back for months, he called it the "best case scenario/result."

After Johnson had been on leave for a total of nine months, Belton Regional's vice president of HR asked Johnson when she might be able to return to work. She replied that her medical providers had not released her to return. The next day, Belton Regional terminated her employment.

Johnson sued in state court. After the case was removed, the district court dismissed the common law claims, then granted summary judgment on the MHRA claims.

II.

A.

Johnson argues that the district court erred in denying remand and ruling that the MHRA preempted her common law claims. Johnson asserted three common law claims: intentional or negligent infliction of emotional distress against Avila;

defamation against both Belton Regional and Pasley (her replacement); and conversion/destruction/trespass of personal property against both Belton Regional and Pasley. Johnson, Avila, and Pasley are citizens of Missouri. Belton Regional is a citizen of Louisiana and Tennessee. This court reviews de novo the district court's denial of the motion to remand, as well as the denial of the motion to dismiss. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010), *quoting Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship. **28 U.S.C. § 1332(a)**. Fraudulent joinder is an exception to the complete diversity rule. *Prempro*, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Joinder is not fraudulent if state law might impose liability on the resident defendant under the facts alleged. *Id.* "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620.

The MHRA says: "This [Human Rights Act] chapter, in addition to chapter 285 [Employer and Employees Generally] and chapter 287 [Workers' Compensation Law], shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." **§ 213.070.2, RSMo Supp. 2017**.

Johnson seeks remand of this case, asserting that the three common law claims are "independently actionable" and thus the Missouri defendants were not fraudulently joined. In two of her common law claims, Johnson alleges that Pasley was "acting within the course and scope of her employment with defendant" Belton Regional. *Cf. Matthews v. Syncreon, US, Inc.*, 2020 WL

6538332, at *3 (W.D. Mo. Nov. 6, 2020) (remanding where the plaintiff "sufficiently alleges, in the alternative, that his assault and battery allegations occurred outside the scope of his employment relationship with Defendants"); *T.F. v. BB St. Louis, LLC*, 2021 WL 494795, at *2 (E.D. Mo. Feb. 10, 2021) (remanding where plaintiff did not allege the tort was "in the scope of" the individual defendant's (or the plaintiff's) employment); *Alst v. Mo. CVS Pharmacy, LLC*, 2020 WL 2319882 (W.D. Mo. May 11, 2020) at * 2 (remanding where the plaintiff alleged that the conduct occurred "outside and beyond the scope of her employment").

Also, Johnson brings these two claims against both her employer and Pasley, based on the same facts. *See Winfrey v. Ford Motor Co.*, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020) (ruling that common law claims were preempted by MHRA where they arose "from the same factual allegations underlying Plaintiff's MHRA claims"). By the pleadings and the facts, Johnson's claims against Pasley and Belton Regional for defamation and conversion/destruction/trespass of personal property arise out of the employment relationship, and are thus preempted by the MHRA. *See* **§ 213.070.2, RSMo Supp. 2017**.

Johnson's third common law claim (against Avila alone) also arises out of an employment relationship. In this claim for unlawful infliction of emotional distress, Johnson alleges that Avila inflicted "discrimination and harassment" by "criticism and harassment." Because these are the same factual allegations underlying the MHRA claims, the common law claim against Avila is preempted by the MHRA. *See* **§ 213.070.2, RSMo Supp. 2017**.

The district court properly ruled that joinder of Avila and Pasley was fraudulent, resulting in complete diversity. The district court correctly denied remand and properly dismissed the common law claims.[2]

B.

"This court reviews de novo a grant of summary judgment." ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To create a genuine dispute of fact, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 252 (1986). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute at those facts." ***Torgerson***, 643 F. 3d at 1042 (internal quotations omitted).

i.

Johnson alleged two counts of hostile work environment, based on age and disability. For her age claim, she relies on these comments: After about a year as her supervisor, Avila began asking Johnson about her retirement plans, commenting on who might replace her as Director, and joking that she "wasn't getting any younger." Johnson says she overheard the Chief Nursing Officer say

---

[2]Johnson, in passing, asserts that the district court should have allowed an amended complaint—first requested after the district court ruled on the motions to dismiss and to remand. The district court did not abuse its considerable discretion in refusing a post-ruling motion to amend. "District courts 'have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored.'" ***Schnuck Markets, Inc. v. First Data Merch. Servs. Corp.***, 852 F.3d 732, 740 (8th Cir. 2017), *quoting **United States ex rel. Roop v. Hypoguard USA, Inc.***, 559 F.3d 818, 824 (8th Cir. 2009).

she wanted to "change the face of Belton by getting rid of some of the older employees." Avila made derogatory comments to Johnson about a 72-year-old receptionist and asked Johnson to downgrade her rating, and that of the oldest nurse. Avila discussed terminating an older employee and Johnson objected, claiming it looked like age discrimination. Avila replied: "If you're not on board, you'll be next."

For her disability claim, Johnson relies on these comments: Almost two years into her job, Avila told Johnson that he would no longer accommodate her ability to work from home and said: "I'm sick of hearing about your accommodations." Later, during a heated discussion, the vice president of HR told her to calm down because "you don't want to have another heart attack." Avila also asked who would replace her if she had another heart attack.

While on medical leave, Johnson sent multiple anonymous letters addressing how she and other employees were treated. The letters did not mention age or disability but focused on bullying. Her letters did not suggest that the work environment was hostile because it was discriminatory. Even when she spoke with a Belton Regional investigator about her experiences, she did not assert that her treatment was based on discrimination.

A successful claim of a hostile work environment requires the plaintiff to show: (1) she is a member of a group protected under the MHRA; (2) she was subjected to unwelcome harassment; (3) the plaintiff's membership in the protected group was a motivating factor in the harassment; and (4) a term, condition, or privilege of the plaintiff's employment was affected by the harassment. *Eivins v. Missouri Dep't of Corr.*, 636 S.W.3d 155, 179 (Mo. App. 2021).

A prima facie case of age discrimination requires the plaintiff to show: (1) she suffered an adverse employment action; (2) her age was the motivating factor; and (3) she suffered damage as a result. *Id.* at 166. A "motivating factor"

requires that age "actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." **§ 213.010(19), RSMo Supp. 2017**.

Here, Johnson needed to identify evidence that her age was the "determinative influence" on her termination. When Belton Regional requested that she give a return date, she had been on medical leave for nine months. Johnson refused to provide a date. She provides no evidence that she was terminated based on her age, as opposed to her refusal to provide a date when she would return.

Johnson believes there is an inference. Yet, with a single exception, all the comments she cites occurred before her leave began, more than nine months before her termination. The exception is an email six months before her termination between Avila, Pasley, and two Belton Regional employees. Avila, the sender, is complimenting the three team members who assisted while Johnson was on leave. Avila does not mention anything about age in the message. This is not evidence of age discrimination.

For disability discrimination, a prima facie case requires the plaintiff to demonstrate: "(1) she was disabled, (2) she was discharged, and (3) her disability was the motivating factor in her discharge." *Ashby v. Woodridge of Missouri, Inc.*, 673 S.W.3d 537, 544 (Mo. App. 2023). "[T]he employer has an affirmative duty to reasonably accommodate an employee's handicap but the burden is on the employee to establish that with reasonable accommodation he could perform the job." *Medley v. Valentine Radford Commc'ns, Inc.*, 173 S.W.3d 315, 321 (Mo. App. 2005) (internal quotations omitted).

Johnson cannot demonstrate that her disability was the motivating factor for her discharge. As discussed, the determinative influence on her discharge was her refusal to provide a date when she would return. Though Missouri law requires a reasonable accommodation, employers are "not required to provide

-8-

indefinite leaves of absence." *Id.* at 323. Johnson did not provide evidence that she was terminated based on her disability.

ii.

Johnson asserts that she was constructively discharged. In her opposition to summary judgment, she said only that "this is not a conventional wrongful discharge case, nor is it a conventional constructive discharge case." She thus "failed to provide meaningful legal analysis" that applied to the facts and supported her claim. *See Johnson Tr. of Operating Engineers Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020). The failure to oppose summary judgment with a constructive discharge argument waives that argument.

\* \* \* \* \* \* \*

The judgment is affirmed.

———————————————