# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2692

———————————————

Combined Aircraft Ownership, LLC

*Plaintiff - Appellant*

v.

Learjet, Inc., doing business as Bombardier Aircraft Services

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the District of North Dakota - Eastern

—————————

Submitted: March 12, 2024
Filed: June 4, 2024
[Unpublished]

—————————

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

—————————

PER CURIAM.

This case concerns a business dispute between Combined Aircraft Ownership, LLC ("CAO") and Learjet, Inc. ("Learjet"). CAO appeals the district court's[1] order

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

dismissing its complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

We accept all well-pleaded allegations in the complaint as true and construe them in CAO's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). CAO owns a multiengine aircraft manufactured by Learjet. CAO and Learjet entered into a contract whereby Learjet would inspect and complete maintenance work on the aircraft. After Learjet completed some work on the aircraft, a dispute arose as to the amount of money owed by CAO. CAO refused to pay the full amount sought by Learjet. Learjet refused to return the aircraft to CAO without full payment. To obtain the aircraft, CAO filed suit against Learjet in the United States District Court for the District of Arizona. *See Combined Aircraft Ownership, LLC v. Learjet Inc.*, No. 4:20-cv-00330 (D. Ariz. Nov. 19, 2020). The parties eventually settled the matter, and Learjet returned the aircraft to CAO.

CAO requires a steady supply of replacement aircraft parts to maintain the airworthiness of the aircraft. After the settlement, CAO attempted to obtain replacement aircraft parts from Learjet. Learjet told CAO in an email that it had "restrict[ed]" CAO's account as well as the accounts of "any of [CAO's] associates involved with the aircraft." Learjet also stated that "[i]f [CAO] sold the aircraft to an unrelated [third] party and was no longer involved with the aircraft, [Learjet] could reconsider providing parts and service support." CAO alleges that, without parts from Learjet, CAO cannot service the aircraft to maintain its airworthiness.

CAO filed suit against Learjet for (1) breach of contract, (2) breach of warranty, (3) promissory/equitable estoppel, (4) consumer fraud, and (5) tortious interference with business relationships. Learjet filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief could be granted. In its response to Learjet's motion, CAO abandoned its claims for breach of contract and breach of warranty. The district court granted Learjet's Rule 12(b)(6) motion and dismissed the remaining claims without prejudice.

After the dismissal, CAO filed a motion seeking leave to amend the original complaint. Before the district court could rule on the motion, CAO filed a notice of appeal. Due to the notice of appeal, the district court refused to allow CAO to amend the original complaint. The filing of a notice of appeal had divested the district court of jurisdiction over the matter. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

On appeal, CAO contends that the district court erroneously (1) dismissed its claim for tortious interference with business relationships and (2) refused to allow it to amend the original complaint. CAO does not appeal the district court's dismissal of its claims for promissory/equitable estoppel and consumer fraud.

We first address CAO's challenge to the district court's dismissal of its claim for tortious interference with business relationships. We review *de novo* the district court's decision to dismiss the claim pursuant to Rule 12(b)(6). *See Sorenson v. Sorenson*, 64 F.4th 969, 975 (8th Cir. 2023). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states "a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To prevail on a claim for tortious interference with business relationships under North Dakota law, a plaintiff must prove (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an independently tortious or otherwise unlawful act of interference by the interferer, (4) that the interference caused the harm sustained, and (5) actual damages to the party whose relationship or expectancy was disrupted. *N. Bottling Co. v. Pepsico, Inc.*, 5 F.4th 917, 925 (8th Cir. 2021). An act is independently tortious when a defendant's conduct is actionable under a recognized tort. *Trade 'N*

*Post, L.L.C. v. World Duty Free Americas, Inc.*, 628 N.W.2d 707, 720 (N.D. 2001). "Conduct that is merely 'sharp' or unfair is not actionable . . . ." *Id.*

CAO alleges that Learjet "deliberately interfered with the business relationships between CAO and the third-party suppliers by refusing to sell essential replacement parts to any company doing business with CAO." However, CAO fails to identify in its complaint the particular third-party contracts at issue, the identities of these third-party suppliers, or any particular act taken by Learjet that amounted to an independently tortious or otherwise unlawful act of interference. CAO references repeatedly in its complaint that Learjet engaged in acts that were "tortious" and "unlawful," but such general references to "tortious" and "unlawful" acts are mere conclusory recitations of the third element of the cause of action. Without further supporting facts, we cannot determine any basis under which Learjet could be held liable to CAO. Learjet's general refusal to engage in business with CAO and any of CAO's associates is not in and of itself an independently tortious or otherwise unlawful act sufficient to give rise to a plausible claim for relief. *See id.* ("[A] plaintiff could recover for tortious interference by showing an illegal boycott, although a plaintiff could not recover against a defendant whose persuasion of others not to deal with the plaintiff was lawful."). Therefore, we affirm the district court's dismissal of CAO's claim for tortious interference with business relationships.[2]

CAO's second contention on appeal is that the district court erroneously refused to allow it to amend the original complaint. When the district court dismissed CAO's complaint without prejudice, CAO had the option to either stand on its complaint and appeal its dismissal or to file a new action correcting the

---

[2]On appeal, CAO attempts to restyle its claim for tortious interference with business relationships as a claim for tortious interference with contract. Because CAO did not plead tortious interference with contract in its complaint, we do not address this claim. *See Jacam Chem. Co. 2013, LLC v. Shepard Jr.*, --- F.4th ----, 2024 WL 2232299, at *7 (8th Cir. May 17, 2024) (declining to address a plaintiff's "new theory of tortious interference" where the plaintiff "did not articulate this theory of interference in its amended complaint [and did not] present this theory to the district court").

deficiencies in the first action. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 956 (8th Cir. 2001). CAO could "not select *both* courses of action, for that approach begets the type of duplicative litigation that we reject." *Id.* Having made the "tactical decision" to stand on the complaint and appeal its dismissal, CAO could not also elect to file a new action or otherwise amend its original complaint. *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 964 n.3 (8th Cir. 2015). Thus, the district court did not err in refusing to allow CAO to amend the original complaint, and we modify the dismissal of the complaint to be with prejudice. *See* 28 U.S.C. § 2106 (stating that an appellate court may modify any judgment of a court brought before it for review).

Accordingly, we affirm the judgment of the district court but modify the dismissal to be with prejudice.

_____